FILED

14 FEB 11 PM 1:40

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: D57 DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN ULLRICH, Inmate #56989, <br><br> Plaintiff, <br><br> vs. <br><br> ADMINISTRATOR DOE, et al., <br><br> Defendants. | Civil No.   13-CV-2377 BEN (KSC) <br><br> ORDER: <br><br> 1) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AS BARRED BY 28 U.S.C. § 1915(g) [ECF Doc. No. 2] <br><br> AND <br><br> 2) DISMISSING CIVIL ACTION FOR FAILING TO PAY CIVIL FILING FEES REQUIRED BY 28 U.S.C. § 1914(a) |

Stephen Ullrich ("Plaintiff"), a state prisoner proceeding pro se and currently incarcerated at the Idaho State Correctional Institution in Boise, Idaho, has filed a civil rights action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act, 42 U.S.C. § 12131, et seq.

Plaintiff's Complaint is difficult to decipher, but he appears to seek declaratory relief and damages against various county and state administrators, agencies, and courts based on alleged deprivations of his right to effective assistance of counsel, an opportunity to raise a diminished capacity defense, and to be provided reasonable

accommodations under the ADA during the San Diego Superior Court proceedings which resulted in his 1997 criminal conviction. *See* Compl. at 1, 11-12, 21-25.

Plaintiff has not prepaid the $400 statutory and administrative civil filing fees required by 28 U.S.C. § 1914(a)[1]; instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). [ECF Doc. No. 2].

I.   **MOTION TO PROCEED IFP**

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). "Prisoners," like Plaintiff, however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee," in installments as provided by 28 U.S.C. § 1915(a)(3)(b), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*").

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.; see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir.

---

[1] In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a), (b); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, eff. May 1, 2013. However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP. *Id.*

1  1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed
2  both before and after the statute's effective date." *Id.* at 1311.

3       "Strikes are prior cases or appeals, brought while the plaintiff was a prisoner,
4  which were dismissed on the ground that they were frivolous, malicious, or failed to state
5  a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the
6  district court styles such dismissal as a denial of the prisoner's application to file the
7  action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153
8  (9th Cir. 2008). Once a prisoner has accumulated three strikes, he is prohibited by
9  section 1915(g) from pursuing any other IFP action in federal court unless he can show
10 he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g);
11 *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which
12 "make[] a plausible allegation that the prisoner faced 'imminent danger of serious
13 physical injury' at the time of filing.").

14 **II.   APPLICATION TO PLAINTIFF'S CASE**

15      As an initial matter, the Court has carefully reviewed Plaintiff's pleading and has
16 ascertained that it contains no "plausible allegation" to suggest he "faced 'imminent
17 danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055
18 (quoting 28 U.S.C. § 1915(g)).

19      A court "'may take notice of proceedings in other courts, both within and without
20 the federal judicial system, if those proceedings have a direct relation to matters at
21 issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v.
22 Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel.
23 Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir.
24 1992). Thus, this Court takes judicial notice that Plaintiff, Stephen Ullrich, identified
25 as Idaho State Department of Corrections Inmate #56989, has had *at least* seven prior
26 prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or
27 failed to state a claim upon which relief may be granted.
28 / / /

1    They are:

2    1)   *Ullrich v. State of Idaho, et al.*, Civil Case No. 1:05-cv-00340-LMB (D.
3    Idaho Dec. 7, 2005) (Order dismissing complaint for failing to state a claim per 28
4    U.S.C. § 1915(e)(2)(B) [ECF Doc. No. 7]) (strike one);

5    2)   *Ullrich v. Barnhart*, Civil Case No.1:06-cv-00080-EJL (D. Idaho May 1,
6    2006) (Initial Review Order denying IFP and dismissing complaint for failure to state
7    a claim per 28 U.S.C. § 1915(e)(2)(B) [ECF Doc. No. 10]) (strike two);

8    3)   *Ullrich v. Canyon Cnty. Comm'rs, et al.*, Civil Case No. 1:06-cv-00095-
9    EJL (D. Idaho May 30, 2006) (Order dismissing complaint for failing to state a claim
10   pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(2) [ECF Doc. No. 6]) (strike three);

11   4)   *Ullrich v. Canyon Cnty., et al.*, Civil Case No. 1:06-cv-00320-EJL (D.
12   Idaho Oct. 16, 2006) (Initial Review Order dismissing case as legally frivolous pursuant
13   to 28 U.S.C. § 1915(e)(2)(B) [ECF Doc. No. 10]) (strike four);

14   5)   *Ullrich v. Prior*, Civil Case No. 1:06-cv-00500-EJL (D. Idaho Jan. 31,
15   2007) (Initial Review Order dismissing complaint for failure to state claims upon which
16   relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) [ECF Doc. No. 13]) (strike
17   five);

18   6)   *Ullrich v. State of Idaho, et al.*, Civil Case No. 1:07-cv-00440-BLW (D.
19   Idaho Apr. 28, 2008) (Initial Review Order dismissing complaint for failure to state
20   cognizable claims pursuant to 28 U.S.C. § 1915(e)(2)(B) [ECF Doc. No. 8]) (strike six);
21   and,

22   7)   *Ullrich v. State of Idaho, et al.*, Civil Case No. 1:08-cv-00076-BLW (D.
23   Idaho June 16, 2008) (Initial Review Order dismissing complaint as legally frivolous
24   pursuant to 28 U.S.C. § 1915(e)(2)(B) [ECF Doc. No. 7]) (noting that Plaintiff had
25   "filed at least twenty-six (26) civil lawsuits in the District of Idaho involving the same
26   allegations arising out of his criminal conviction and alleged civil rights violations," his
27   "failure to prevail in any of them," and previous unheeded warnings "to stop filing
28   / / /

complaints involving previously litigated claims," resulting in the issuance of a Pre-Filing Review Order in the District of Idaho) (strike seven).

Accordingly, because Plaintiff has, while incarcerated, accumulated more than three "strikes" pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").[2]

### III. CONCLUSION AND ORDER

For the reasons set forth above, the Court hereby:

1) **DENIES** Plaintiff's Motion to Proceed IFP [ECF Doc. No. 2] as barred by 28 U.S.C. § 1915(g);

2) **DISMISSES** this action without prejudice for failure to pay the full statutory and administrative $400 civil filing fees required by 28 U.S.C. § 1914(a), and

---

[2] The Court further notes that even if Plaintiff were entitled to proceed IFP or if he prepaid all civil filing fees, his Complaint would be immediately subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) to the extent an award of damages under 42 U.S.C. § 1983 based on allegations of his having been provided inadequate assistance of counsel and denied the opportunity to present a diminished capacity defense in San Diego County Superior Court criminal proceedings would "necessarily imply the invalidity" of his conviction or sentence. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994). A prisoner in state custody simply may not use a § 1983 civil rights action to challenge the "fact or duration of his confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). He must seek federal habeas corpus relief instead. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser*, 411 U.S. at 489). "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. Here, the Court takes additional judicial notice of an unsuccessful petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Plaintiff in the Southern District of California. *See Ullrich v. California*, S. D. Cal. Civil Case No. 3:05-cv-01051-L-POR (July 9, 2007 Order Adopting Report and Recommendation and Dismissing Action as Untimely) [ECF Doc. No. 28]. Thus, it appears the claims for damages included in Plaintiff's current Complaint may not proceed because he cannot show the conviction upon which they are based has already been invalidated. *Heck*, 512 U.S. at 487.

3)  **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: February 10, 2014

HON. ROGER T. BENITEZ
United States District Judge